# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

FILED 2017 MAY 22 PM 3:47
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

JANEL MAUREY, on behalf of herself and
those similarly situated,

        Plaintiff,

vs.                                 CASE NO.: 6:17-cv-924-ORL-41-GJK

PARK STATION 212, LLC, a Florida For
Profit Limited Liability Company, and
DAVID LEVISON, Individually,

        Defendants.       /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JANEL MAUREY, on behalf of herself and those similarly situated, by and through the undersigned attorney, sues the Defendants, PARK STATION 212, LLC, a Florida Limited Liability Company, and DAVID LEVISON, Individually, and alleges:

1. Plaintiff, JANEL MAUREY, and those similarly situated, was an employee of Defendants and brings this action for unpaid minimum wage compensation and all other relief deemed appropriate under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## General Allegations

2. Plaintiff and those similarly situated were employees who worked for Defendants, in Orange County, Florida within the last three years.

3. Plaintiff, JANEL MAUREY, worked for Defendants from approximately August 2015 to February 2017 as a server/bartender.

4. Plaintiff, JANEL MAUREY, was compensated at the server rate of $5.03 per hour plus tips.

5. Defendant, PARK STATION 212, LLC, is a Florida Limited Liability Company

1

that operates and conducts business in Winter Park, Orange County, Florida and is therefore, within the jurisdiction of this Court.

6. Defendant, PARK STATION 212, LLC, operates as a restaurant and bar. Specifically, Defendant offers lunch and dinner along with weekend brunch. Defendant's menu includes a variety of "American rustic cuisine". Defendant also provides numerous beer, wine and liquor options. See www.ParkStation212.com

7. At all times relevant to this action, DAVID LEVISON is an individual resident of the State of Florida, who owned and operated PARK STATION 212, LLC, and who regularly exercised the authority to: (a) hire and fire employees of PARK STATION 212, LLC; (b) determine the work schedules for the employees of PARK STATION 212, LLC, and (c) control the finances and operations of PARK STATION 212, LLC. By virtue of having regularly exercised that authority on behalf of PARK STATION 212, LLC, DAVID LEVISON is an employer as defined by 29 U.S.C. § 201, et seq.

8. This action is brought under the FLSA to recover from Defendants minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

9. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

10. During Plaintiff's employment with Defendants, Defendant, PARK STATION 212, LLC, earned more than $500,000.00 per year in gross sales.

11. Defendant, PARK STATION 212, LLC, employed approximately 10-15 employees and paid these employees plus earned a profit from their business.

12. During Plaintiff's employment, Defendant, PARK STATION 212, LLC, employed at least two employees who handled goods, materials and supplies which travelled in interstate

2

commerce, such as beer, wine, liquor, food ingredients, "point of sale" computers, restaurant equipment such as utensils, plates, glasses, and other items used to run the business.

13. Therefore, at all material times relevant to this action, Defendant, PARK STATION 212, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

14. Furthermore, Plaintiff, JANEL MAUREY, and those similarly situated employees, are individually covered under the FLSA.

## FLSA Violations

15. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff, and those similarly situated employees, performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff, and those similarly situated, the minimum wage for all hours worked.

16. During her employment with Defendants, Plaintiff, and those similarly situated employees were not paid the minimum wage for all hours worked during one more weeks of their employment.

17. Specifically, Defendants failed to provide Plaintiff, and those similarly situated employees, with any compensation for one or more pay periods during their employment with Defendants.

18. Plaintiff, on behalf of herself and those similarly situated, has made efforts to receive their unpaid wages however those efforts have proven unsuccessful.

19. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete minimum wages as described above.

20. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts owed to Plaintiff, and those similarly situated, are in the

possession and custody of Defendants.

## COUNT I - RECOVERY OF MINIMUM WAGE COMPENSATION

21. Plaintiff and those similarly situated employees reincorporate and readopt all allegations contained within Paragraphs 1-20 above as though stated fully herein.

22. Plaintiff, and those similarly situated employees are/were entitled under the FLSA to be paid the minimum wage for each hour worked during their employment with Defendants.

23. During her employment with Defendants, Plaintiff, and other similarly situated employees were not paid complete minimum wages as a result of Defendants failing to provide a paycheck, direct deposit, or cash to Plaintiff and other similarly situated employees for one or more pay periods.

24. Plaintiff made several attempts to retrieve her compensation but was met with negative results.

25. As a result of these actions, Plaintiff and other similarly situated employees were not paid for all of the hours worked for the benefit of Defendants in violation of the FLSA.

26. Defendants willfully failed to pay Plaintiff and other similarly situated employees the full minimum wage for all hours worked contrary to 29 U.S.C. § 206.

27. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and those similarly situated employees have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

28. As a result of Defendants' willful violation of the FLSA, Plaintiff and those similarly situated employees are entitled to liquidated damages.

29. Plaintiff, on behalf of herself and those similarly situated, demands a trial by jury.

WHEREFORE, Plaintiff, JANEL MAUREY, on behalf of herself and those similarly

situated, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 16 day of May, 2017.

/s/ Matthew R. Gunter
Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff